```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DIMETREUS ADAMS,

                          Petitioner,

              -against-                            MEMORANDUM & ORDER

YOLANDA CANTY, Deputy Warden,                      14-cv-2611 (ENV) (LB)
G.R.V.C.,¹

                          Respondent.
----------------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 6 - 2014 ★
BROOKLYN OFFICE

VITALIANO, D.J.,

Petitioner Dimetreus Adams filed this *pro se* application on April 24, 2014, seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and filed a request to proceed *in forma pauperis* on May 5, 2014. Adams challenges his detention at the George R. Vierno Center at Rikers Island following his March 24, 2014 arrest.[2] Adams argues that he is entitled to relief under § 2241 on four grounds: (1) he is being held unconstitutionally; (2) he has the right to represent himself; (3) he has rights, pursuant to the First and Fifth Amendments, to "say what [he] want[s] and be heard," to submit motions, and to "object to any statement by the judge or prosecutor;" and (4) he has rights, under the Sixth Amendment, to "a speedy and

---

[1] In the text of his petition, Adams also names "K. Thompson/D.A." as a respondent.

[2] The Court notes that petitioner is currently incarcerated at the Brooklyn Detention Complex. *See* http:// a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf (last visited June 4, 2014). The Clerk of Court is respectfully requested to mail a copy of this order to: Demetrius Adams, No. 1411403361, Brooklyn Detention Complex, 275 Atlantic Avenue, Brooklyn, NY 11201. Petitioner is reminded, however, that it is his obligation to keep the Court informed of his current address in writing.

1

fair trial," due process, and appeal. For the reasons that follow, the writ is denied and the petition is dismissed.

## Discussion

Pursuant to 28 U.S.C. § 2241, federal prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States," may seek habeas corpus review. 28 U.S.C. § 2241(c) (3). "Section 2241 is available to state pre-trial detainees challenging their custody as being in violation of the Constitution or federal law." *Robinson v. Sposato*, 11-CV-191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (citing *Marte v. Berkman*, 11-CV-6082, 2011 WL 4946708, at * 5 (S.D.N.Y. Oct.18, 2011), aff'd on other grounds *sub nom Marte v. Vance*, 11–4486–cv, 2012 WL 1632606 (2d Cir. May 10, 2012).

Adams's petition must be dismissed, first, because he has not exhausted his state court remedies. "Although not a statutory requirement, Section 2241 has been interpreted as requiring a petitioner to exhaust available state court or administrative remedies prior to seeking any relief thereunder in federal court." *Robinson*, 2012 WL 1965631, at *2 (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632–34 (2d Cir. 2001)); *U.S. ex rel. Scranton v. State of N.Y.*, 532 F.2d 292, 294 (2d Cir. 1976) ("... decisional law has superimposed such [an exhaustion] requirement in order to accommodate principles of federalism."). A petitioner who has not exhausted available state court remedies may only seek a writ of habeas corpus under § 2241 if he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law, or demonstrates that

the failure to consider his claims will result in a fundamental miscarriage of justice. *Robinson*, 2012 WL 1965631, at *2. Adams does not assert that he has presented any of his claims in state court. Nor has he asserted any cause for his failure to exhaust his state court remedies, any prejudice resulting to him from the alleged violation of his due process rights, or that this Court's failure to consider his claims will result in a fundamental miscarriage of justice. As such, his petition must be dismissed.[3]

Even if Adams had exhausted any habeas-like remedies he might have in state court, however, his federal petition would still be denied. That is because there is a criminal proceeding pending against him in state court, which will present ample opportunity for review of his constitutional claims. "The habeas corpus statute . . . cannot be used to 'permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Allen v. Maribal*, 11-CV-2638, 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011) (quoting *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973)); *see Younger v. Harris*, 401 U.S. 37 (1971) (federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm); *York v. Ward*, 538 F.Supp. 315, 316 (E.D.N.Y. 1982) (federal habeas corpus is not to be converted "into a pretrial motion

---

[3] Since an independent ground for dismissal exists, any attempt to amend this claim to satisfy the exceptions to this general rule would not change the ultimate disposition of the proceeding.

forum for state prisoners") (citation omitted). Adams has not demonstrated any circumstances that would militate against abstention in this case. As such, his petition must be denied on this independent ground as well.

## Conclusion

For the foregoing reasons, the petition for habeas corpus filed by Dimetreus Adams is dismissed and the writ is denied.

Additionally, as Adams makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-5 (1962).

The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
June 5, 2014

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge